**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| SEAN L. HADLEY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:08cv0449 AS |
| | ) | |
| SUPERINTENDENT, Miami | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about September 26, 2008, *pro se* petitioner, Sean L. Hadley, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on March 2, 2009, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Reply on March 20, 2009, which this Court has carefully examined.

The petitioner is a convicted felon serving two concurrent 20-year sentences imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. In April, 2008, he was the subject of a prison disciplinary proceeding entitled cause number MCF 08-04-0147. In that proceeding, the petitioner was found guilty of a Class A offense number 116, which provides that any offender with a history of a sex offense conviction must participate in a mandatory program

as authorized by statute or order of the Commissioner of Corrections in Indiana.

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

It needs to be further said that the so-called SOMM program does not violate this petitioner's right to due process. It further needs to be understood that this species of proceeding are not criminal prosecutions, and the full range of rights accorded to defendants in criminal cases is not available. *See Ponte v. Real*, 471 U.S. 491 (1985). *See also* the provisions of Indiana Code 35-50-6-5.

There is some argument made here with regard to a failure to grant a continuance under Indiana Code 02-04-101, but this petitioner received more than the 24-hour notice and was afforded sufficient time in which to prepare a defense under *Wolff v. McDonnell*, 418 U.S. 539 (1974).

When it all said and done, this petitioner, Sean L. Hadley, fails to establish the basis for any relief under 28 U.S.C. §2254, and such is now **DENIED**. **IT IS SO ORDERED**.

**DATED: May 1, 2009**

                                        /s/ ALLEN SHARP
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**